**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 16 C 8046 |
| J.J. DAY, INC., | ) ) ) | Judge Dow |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR DAMAGES**

Plaintiffs, the Laborers Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Funds"), request that this Court enter a finding of damages in the amount of $1,012,371.56, against Defendant J.J. Day, Inc., ("JJ Day") In support of this motion, Plaintiffs state:

1. On October 5, 2016, this Court entered default on behalf of the Plaintiffs and against the Defendant JJ Day under the Employee Retirement Income Security Act of 1973 ("ERISA"), as amended, 29 U.S.C. §§1143 and 1132(g)(2) and under the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a). The Complaint sought payment for contributions owed based on an audit covering the period June 30, 2015 to the present. This proof up seeks principal, damages, interest and attorneys' fees and costs, and requests that this Court to order the Company to obtain and maintain a surety bond.

1

2. According to the Director of the Field Department, Jean Mashos, Legacy Professionals LLP prepared an audit report reflecting amounts owed to the Funds and to the Union and said report provided that principal amounts owed were $739,845.92. (See Affidavit of J. Mashos, attached).

3. Liquidated damages are required by the Funds' Agreements and Declarations of Trust. A twenty percent damage penalty is assessed for contributions that are identified through an audit; a ten percent penalty is applied to Union dues and the LDCLMCC and LECET Funds. In this case penalties of $145,289.26 are owed to the Funds based on the delinquencies. (Affidavit of Jean Mashos, Exhibit 1, ¶ 4).

4. Interest is owed on all delinquent contribution amounts from the date of the delinquency forward, in the amount of twelve percent as provided by the Funds' Trust Agreements. With respect to amounts owed as shown in the audit report, interest is owed in the amount of $120,046.88 through March 14, 2017. (Mashos Affidavit ¶ 5).

5. Reasonable attorneys' fees and costs are established by an affidavit of Karen I. Engelhardt, plaintiffs' counsel. This affidavit reflects that based on hourly records the amount of $4,998.50, is owed to the Funds' for counsel's attorney's fees and $604.00 is owed to the Funds to reimburse its costs, consisting of filing fees and service costs. (Exhibit 2). Attorneys' fees are owed pursuant to ERISA, 29 U.S.C. § 1132(g)(2), and pursuant to the terms of the collective bargaining agreements and Trust Agreements.

6. As required by Article IX, paragraph 1 of the collective bargaining agreement, all employers are required to procure, carry and maintain a surety bond in an amount that is satisfactory to the Union. This bond must be in excess of $5,000.00 to guarantee the payment of wages, Pension and Welfare Trust Contributions during the term of the Agreement. Plaintiffs request that Defendant

within 60 days of the date of this judgment order provide written proof that it has obtained such a surety bond to plaintiffs' counsel, Karen I. Engelhardt, Allison, Slutsky & Kennedy, P.C. , 230 W. Monroe Street, Chicago, IL 60606.

Wherefore, plaintiffs drafted a proposed judgment order for a total judgment against the Defendant JJ Day in the amount of $1,012,371.56, and order Defendant to obtain and maintain a surety bond.

Respectfully submitted,
/s/ Karen I. Engelhardt
One of plaintiffs' attorneys

Allison, Slutsky & Kennedy, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400     March 17, 2017
kie@ask-attorneys.com